Filed 6/20/22  P. v. Reyes CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDER REYES,<br><br>Defendant and Appellant. | B312515<br><br>(Los Angeles County<br>Super. Ct. No. KA034752) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Dismissed.

Aaron Spolin for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

Alexander Reyes appeals from an order denying his motion to strike prior convictions.  However, the order is not appealable, and therefore we dismiss the appeal.

## BACKGROUND

In 1997, a jury found Reyes guilty of possession of a firearm by a felon (Pen. Code,[1] former § 12021, subd. (a)(1)).  After a court trial on three priors that had been alleged under the Three Strikes law and that arose out of Reyes's 1994 conviction for a robbery involving three victims, the trial court found the priors true.  At the 1998 sentencing hearing, the trial court denied Reyes's *Romero*[2] motion and motion to stay sentences on various counts under section 654 and sentenced him to 25 years to life plus one year (§ 667.5, subd. (b)).  On appeal, that judgment of conviction was modified to correct presentence custody credits but otherwise affirmed.  (*People v. Alexander Reyes* (May 12, 1999, B120499) [nonpub. opn.].)

Then, in 2014, Reyes petitioned the trial court to recall his sentence under the Three Strikes Reform Act of 2012, which reduced the punishment for some third-strike offenses that were neither violent nor serious.  (See generally §§ 667, 1170.12, 1170.126.)  The trial court denied the petition because of a disqualifying factor (Reyes had been armed with a firearm during the commission of his offense) and that order was affirmed on appeal.  (*People v. Alexander Reyes* (Apr. 18, 2016, B264694) [nonpub. opn.].)

---

[1] All further undesignated statutory references are to the Penal Code.

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

2

In 2019, Reyes again moved to dismiss a prior conviction and to be sentenced as a second striker. Relying on *People v. Vargas* (2014) 59 Cal.4th 635[3] and section 1385, he argued that he should be sentenced as if he had only one qualifying strike because his prior convictions had been tried in the same proceeding, were committed during the course of the same criminal conduct, and were based on the same act committed at the same time.

Due to numerous continuances, the matter was not heard until April 2021. The trial court denied the motion, finding no legal basis for it to take any action.

## DISCUSSION

Reyes now appeals from the postjudgment order denying his motion to dismiss a prior conviction. However, the general rule is that once judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or to modify the sentence. (*People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.) Where a trial court lacks jurisdiction to rule on a motion, the appeal from an order denying such a motion is nonappealable. (*Ibid.*)

As Reyes notes, there are exceptions to the general rule. Section 1170.03, subdivision (a), for example, gives a trial court authority to recall a sentence on its own motion within 120 days of the defendant's remand or at any time upon a request by various law enforcement officials. Reyes also refers to resentencing under sections 1170.126, 1170.18, and 1170.95 and

---

[3] *People v. Vargas, supra*, 59 Cal.4th at page 637, held that two prior convictions arising out of a single act against a *single* victim cannot constitute two strikes under the Three Strikes law.

to the principle that courts may correct unauthorized sentences at any time. (See generally *People v. King* (2022) 77 Cal.App.5th 629, 637, petn. for review pending.) Although Reyes refers to these exceptions, he merely vaguely "asserts that this case falls within" one of them, without specifying which one.

In any event, defendant was sentenced and remanded in 1998, so this matter is far beyond the 120-day limit in section 1170.03, subdivision (a). Reyes has made no argument or motion under sections 1170.126, 1170.18, and 1170.95, and, moreover, his prior motion under section 1170.126 was denied. And "the unauthorized sentence doctrine is a principle of waiver rather than jurisdiction" and the doctrine does not "create jurisdiction for the trial court to rule on a motion challenging the legality of a sentence." (*People v. King*, *supra*, 77 Cal.App.5th at p. 637; see also *People v. Chavez* (2018) 4 Cal.5th 771, 781 [§ 1385 does not allow trial court to act after judgment becomes final].) Reyes has therefore not shown that the trial court had jurisdiction to consider his motion.

Reyes's contention that his one-year term should have been stricken under Senate Bill No. 136 (2019–2020 Reg. Sess.) similarly fails. Effective January 1, 2020, Senate Bill No. 136 amended section 667.5, subdivision (b), to "limit its prior prison term enhancement to only prior prison terms for sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b)." (*People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Senate Bill No. 136, however, applies retroactively to cases not final on appeal. (*Jennings*, at pp. 680–682; *People v. Lopez* (2019) 42 Cal.App.5th 337, 340–342.) Reyes's 1998 judgment was final years ago. (See generally *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 [judgment is final when time for

4

filing petition for certiorari with United States Supreme Court expires].)

Finally, because the order is not appealable, we need not further address Reyes's contentions, for example, that his counsel rendered ineffective assistance of counsel.

## DISPOSITION

The appeal is dismissed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

EDMON, P. J.

We concur:

LAVIN, J.

KALRA, J.*

---

*       Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.